UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 7: 15-019-DCR |
| | ) | and |
| V. | ) | Civil Action No. 7: 17-019-DCR |
| | ) | |
| KLARISSA LASHEA RICE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

On March 29, 2016, Defendant Klarissa Lashea Rice pled guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846, as well as carrying and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C § 924(c)(1)(A).  [Record Nos. 162, 163]  On July 25, 2016, she was sentenced to a term of 102 months' incarceration for the conspiracy conviction and a consecutive term of 60 months' incarceration for the firearm conviction. [Record Nos. 202, 216]

As part of her plea agreement, Rice waived the right to file a direct appeal or to collaterally attack her guilty plea, conviction, or sentence (except for claims of ineffective assistance of counsel).  [Record No. 163, ¶ 8]  The Court now considers Rice's timely motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.  [Record No. 241]  Because it plainly appears, that the defendant is not entitled to relief under § 2255, the motion will be denied and this collateral proceeding dismissed.

## I.      Standard of Review

The defendant contends that her attorney was constitutionally ineffective for a variety of reasons.  To succeed, she must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In addition, the defendant must show that she was prejudiced by counsel's errors.  *Id.* at 693.  In the context of guilty pleas, this means that, but for counsel's allegedly erroneous advice, the defendant probably would not have pled guilty and, instead, would have proceeded to trial.  *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## II.      Analysis

### A.      Advice Regarding Sentencing Exposure

Rice alleges that she pled guilty to a mandatory minimum sentence of ten years at the insistence of counsel, who advised her "she had to sign the plea agreement or face a possibility of 20 years in prison."  [Record No. 241, p. 1]  As explained in paragraph four of Rice's plea agreement (and during her change-of-plea hearing), the statutory punishment for conspiring to distribute 50 grams of methamphetamine, as charged in Count 1 of the Indictment, is ten years to life in prison.  21 U.S.C. § 841(b)(1)(A)(viii).  If Rice had proceeded to trial and was convicted on the firearm charge under 18 U.S.C. § 924(c)(1)(A), she would have been required to serve, at a minimum, a consecutive five-year sentence.  Rice was also charged with using a communication facility in the commission of the drug conspiracy which, in her case, carried a statutory punishment of up to four years imprisonment.  21 U.S.C. § 843(d)(1).

There is no indication that counsel provided misleading advice regarding the defendant's sentencing exposure.  Had Rice opted to proceed to trial and been convicted on

- 2 -

the charges against her, a twenty-year sentence certainly would have been possible. Rice acknowledged during her re-arraignment hearing that she faced up to life in prison for drug trafficking. Counsel does not provide ineffective assistance by speaking candidly with his client regarding potential sentencing exposure.

### B.      Supervisor or Leader Role

Rice also contends that her attorney should have objected to her two-point base offense level increase under U.S.S.G. § 3B.1(c). Pursuant to the defendant's plea agreement, however, she agreed that such an increase was warranted because she was, in fact, a supervisor or leader in the conspiracy. [Record No. 163, ¶ 5(d)] During the re-arraignment hearing, Rice advised the Court that she had discussed her charges, and the case in general with her attorney, and that she was satisfied with the representation she had received. Further, she stated that she had reviewed the plea agreement with her attorney before signing it and that she understood its terms and conditions.

Solemn declarations made in open court "carry a strong presumption of verity" and "constitute a formidable barrier" in collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Under the terms of the plea agreement, Rice agreed that she was a supervisor or leader of the drug trafficking conspiracy and the record fully supports her leadership role. Under these circumstances, counsel had no reasonable basis to object and, therefore, his failure to do so does not constitute deficient performance.

### C.      *Booker-FanFan* and *Alleyne*

Additionally, Rice argues that her attorney "knew or should have known" about the Supreme Court's decision in *United States v. Booker–FanFan*, 543 U.S. 220 (2005). Although the precise basis of the defendant's argument is unclear, she appears to suggest that the Court

- 3 -

treated the sentencing guidelines as mandatory. That assertion is completely misplaced. As stated during the sentencing hearing, however, the Court considered the decision in *Booker–FanFan* and recognized that the guidelines are not binding.[1] Further, as discussed during sentencing, Rice's sentence for Count 1 was reduced by fifteen percent for the reasons stated on the record, pursuant to 18 U.S.C. § 3553.

The defendant also suggests that counsel should have made an argument under *Alleyne v. United States*, 133 S.Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of the crime that must be submitted to the jury. *Id.* at 2158. But in this case, the defendant pled guilty and admitted the necessary facts to trigger the mandatory minimum sentences. She has failed to identify any circumstances to which *Alleyne* would apply. *See United States v. Johnson*, 732 F.3d 57, 583–84 (6th Cir. 2013).

### D.       Failure to Object to Defendant's Criminal History

At sentencing, Rice was determined to have a total criminal history score of three. She suggests that counsel should have objected to this finding because she had no "actual" prior convictions but, rather, a diversionary disposition from state court. However, diversion was granted after Rice pled guilty to complicity to traffic in a controlled substance in 2015. Pursuant to U.S.S.G. § 4A1.2(f), a diversionary disposition resulting from an admission of guilt in a judicial proceeding is counted as a sentence under § 4A1.1(c), even if a conviction is

---

[1] For Count 1, the Sentencing Guidelines range was 120–121 months, based on the statutory minimum of 120 months. U.S.S.G. § 5G1.2, 841(b)(1)(A)(viii). For Count 8, the Sentencing Guidelines sentence was 60 months, the minimum term required by statute. U.S.S.G. § 2K2.4, 18 U.S.C. 924(c).

not formally entered.  Accordingly, the diversionary sentence was properly counted and Rice was not has not satisfied either prong of *Strickland.*

### E.        Validity of Guilty Plea

Several of the defendant's arguments are foreclosed by her valid guilty plea.  For instance, the defendant characterizes her second charge as a "gun enhancement," and argues that her attorney should have raised an objection to it.  Specifically, she contends that her possession of a firearm was protected by the United States and Kentucky Constitutions.[2] However, a citizen's general right to bear arms does not include the right to carry and use a firearm in relation to a drug trafficking crime.  Further, the defendant's sentence was not based on a "gun enhancement."  Rather, as the defendant is aware, she was charged with and pled guilty to carrying and using a firearm in relation to a drug trafficking crime which is an independent offense under 18 U.S.C. 924(c)(1)(A).

Counsel cannot be expected to "object" to a charge to which the defendant has simultaneously and validly pled guilty.  During Rice's re-arraignment hearing, the Court engaged in a thorough Rule 11 colloquy, in which the Court determined that Rice was competent to enter a plea.  Rice asserted that she had reviewed the plea agreement with her attorney and that her plea was voluntarily made.  She has not provided any reasons for the Court to believe that she actually did not wish to plead guilty to the firearm charge or to question any of her statements during re-arraignment.  *See Baker v. United States*, 781 F.2d

---

[2] The defendant alternatively claims that she only should have been charged with a violation of Kentucky's laws for authorized carrying of a concealed deadly weapon.  *See* K.R.S. §§ 527.020, 237.110.

85, 90 (6th Cir. 1986) ("where the court has scrupulously followed the required procedure, the defendant is bound by [her] statements in response to that court's inquiry").

Finally, although the defendant is limited to raising ineffective-assistance claims, she contends that she was denied the right to defend herself, to bring witnesses in her favor, and to confront her accuser. Construing the defendant's *pro se* § 2255 motion liberally, the Court views this argument through an ineffective-assistance-of-counsel lens. The defendant's suggestion that she did not wish to plead guilty is belied by the events in this case. As previously explained, the Court engaged in a thorough exchange with the defendant at the time of her re-arraignment. The Court advised the defendant of many of the rights she would give up by pleading guilty, including the right to a jury trial and to confront the witnesses against her. The defendant understood this and elected to enter a guilty plea with full knowledge of the rights she was waiving.

The defendant may regret her choice to plead guilty, but she did so knowingly and voluntarily. Thus, she was not deprived of any of the rights she has described and she cannot show deficient performance or prejudice under *Strickland*.

### F.    Certificate of Appealability

Reasonable jurists would not find this Court's assessment of the defendant's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Further, the issues presented are not adequate to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a certificate of appealability will not issue.

### III.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

- 6 -

1.      Defendant/Movant Rice's motion to vacate under 28 U.S.C. § 2255 [Record No. 241] is **DISMISSED.**

2.      A Certificate of Appealability shall not issue.

This 1st day of February, 2017.



Signed By:

*Danny C. Reeves*

United States District Judge