UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 7: 15-019-DCR |
| V. | ) ) | |
| KLARISSA LASHEA RICE, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In July 2016, Defendant Klarissa Lashea Rice was sentenced to 162 months' imprisonment after pleading guilty to conspiring to distribute 500 grams or more of methamphetamine and using a firearm in furtherance of a drug trafficking offense. The Court has received correspondence from Rice in which she seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Rice alleges that she suffers from asthma, COPD, and obesity, and is at an increased risk of death or serious complications from COVID-19. However, she has neither exhausted administrative remedies nor cited extraordinary and compelling circumstances warranting relief.

Title 18 of the United States Code, section 3582(c)(1)(A), provides:

> the court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and

compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statements are found in Section 1B1.13 of the United States Sentencing Guidelines, which define "extraordinary and compelling reasons" as follows:

> (A) Medical Condition of the Defendant—
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . . Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances –
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Rice has not identified circumstances that would render her eligible for compassionate release under any of these categories. The CDC has advised that people with COPD and obesity (a body mass index of 30 or higher) are at an increased risk of severe illness from

COVID-19 and that people with moderate to severe asthma may be at an increased risk of severe illness from COVID-19.[1]  While Rice has provided unsworn correspondence indicating that she has been diagnosed with these conditions, she has not provided any medical documentation describing the diagnoses, their severity, or how they relate to the defendant's susceptibility to COVID-19.

Further, a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission." *United States v. Cundiff*, No. 5: 15-106-DCR, 2020 WL 4949692, at *2 (E.D. Ky. Aug. 24, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020)).  *See also United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . ., whether Defendant will contract COVID-19, and whether [s]he will develop serious complications, does not justify the extreme remedy of compassionate release.").

Further, Rice does not claim that she has exhausted administrative remedies currently available to her.  *See* 18 U.S.C. § 3852(c)(1)(A).  The United States Court of Appeals for the Sixth Circuit has determined that, before filing a motion for compassionate release in a judicial proceeding, a prisoner must fully exhaust her administrative remedies or wait 30 days after her first request to the prison.  *United States v. Alam*, 960 F.3d 830, 835 (6th Cir. 2020); *United States v. Desjardins-Racine*, 817 F. App'x 219 (6th Cir. Aug. 18, 2020) (Mem.).  Accordingly,

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Sept. 21, 2020).

in addition to failing on the merits, Rice's motion for compassionate release will be denied for failing to exhaust administrative remedies.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1.	The Clerk of the Court is directed file the correspondence from Defendant Rice, dated September 14, 2020, in the record of this proceeding.

2.	Defendant Rice's request for compassionate release is **DENIED**.

Dated: September 21, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky