UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 7: 15-019-DCR |
| V. | ) ) | |
| KLARISSA LASHEA RICE, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Klarissa Rice has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] However, the defendant has not demonstrated extraordinary and compelling reasons for her early release. Further, the considerations under 18 U.S.C. § 3553(a) do not weigh in favor of granting the relief requested.

## I. Background

Defendant Rice was sentenced to 162 months' imprisonment in 2016, after pleading guilty to conspiring to distribute 500 grams or more of methamphetamine and using a firearm in furtherance of the drug trafficking offense. She did not file a direct appeal and waived the right to do so in a written plea agreement. Rice's subsequent motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel was denied.

---

[1] Rice filed a motion for compassionate release on September 21, 2020, which was denied the same day. She has styled the present motion as a motion for reconsideration of the Court's decision denying the prior motion. However, the present motion is an independent request for relief, based on new grounds, and will be treated as a second motion for compassionate release.

## II. Compassionate Release

Requests for compassionate release are evaluated under 18 U.S.C. § 3582(c)(1)(A). This statutory section provides:

> the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

Consistent with the statute, district courts generally apply a three-step test when deciding motions for compassionate release. *See United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). First, the court must determine whether extraordinary and compelling reasons warranting a sentence reduction exist. *Id*. Second, the court must consider any *applicable* policy statements found in the United States Sentencing Guidelines. *Id.* at 1108. Third, the court must determine whether relief is warranted under the factors stated in 18 U.S.C. § 3553(a). *Id.*

But there is no applicable guidelines policy statement when a prisoner files a motion for compassionate relief on his own behalf. *Id.* at 1108-09. Accordingly, when dealing with motions filed by prisoners, the Court skips step two of the three-step analysis. *Id.* at 1111. Additionally, "district courts may deny compassionate-release motions when any of the three

---

[2] The government does not contest the exhaustion of Rice's administrative remedies. [*See* Record No. 299, pp. 1-2.]

prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, --F.3d--, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021).

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Sixth Circuit recently clarified that, when an imprisoned person files a motion for compassionate release, the district court has "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *Jones*, 908 F.3d at 1109. While the policy statement found in U.S.S.G. § 1B.13 of the Sentencing Guidelines is not binding, it provides a helpful starting point for deciding whether extraordinary and compelling reasons exist.

As relevant here, the application notes to § 1B1.13 provide the following:

> (A) Medical Condition of the Defendant—
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . . Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. . . .
>
> (C) Family Circumstances –
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 cmt. n.1.

Rice tested positive for COVID-19 on December 18, 2020. She contends that she is at high risk of severe illness due to her other health problems. The United States has provided Rice's medical records from the BOP, which indicate that she has been diagnosed with obesity and asthma. The Centers for Disease Control report that adults with obesity are at an increased risk of severe illness from the virus that causes COVID-19.[3] Additionally, adults with moderate-to-severe asthma *might* be at an increased risk of severe illness.

The defendant is only 33 years old.[4] And BOP records indicate that Rice's asthma is well-managed. She was diagnosed with "mild intermittent asthma" in August 2016 and is prescribed an albuterol inhaler to use as needed. The defendant's other health problems are largely musculoskeletal. As the Court has previously explained, generalized concerns associated with COVID-19 do not constitute an extraordinary and compelling reason for release. *See United States v. Thornton*, 2021 WL 77458, at *2 (E.D. Ky. Jan. 8, 2021).

The government concedes that the defendant's COVID-19 diagnosis constitutes an extraordinary and compelling reason for purposes of § 3582(c)(1)(A)'s analysis. The Court, however, disagrees. Medical conditions meeting the definition under U.S.S.G. § 1B1.13 are those which are "so serious that [they] cannot be adequately addressed in BOP custody." *United States v. Abney*, 2020 WL 7497380, at *2 (E.D. Ky. Dec. 21, 2020).

Once an individual has contracted COVID-19, it is unclear how he or she would benefit from release. This is particularly true in the instant case, where the defendant's underlying

---

[3] CENTERS FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, (updated Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[4] CENTERS FOR DISEASE CONTROL AND PREVENTION, *Older Adults*, (updated Dec. 13, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html.

health conditions are well controlled and there is no suggestion the BOP is not providing adequate care. Further, releasing an individual who has tested positive for COVID-19 jeopardizes the health and safety of the defendant's family, United States Marshals responsible for transportation, United States Probation Officers supervising release, and the public at large. *See United States v. Ramadan*, 2020 WL 5758015, at *2 (6th Cir. 2020).

Rice also contends that compassionate release is appropriate because her mother, who was the caregiver for her minor son, passed away on December 6, 2020. The Court certainly sympathizes with the defendant's situation, but she has not established that there is no other person available to care for her son. Even if the passing of Rice's mother constituted an extraordinary and compelling circumstance, the considerations under 18 U.S.C. § 3553(a) preclude release. First, Rice committed very serious drug trafficking and firearms offenses. She was a leader in a conspiracy in which she and several others traveled to Georgia and obtained large quantities of methamphetamine which they distributed in eastern Kentucky. Further, Rice was in possession of a .22 magnum revolver while transporting a large amount of methamphetamine in the car in which she was driving. Rice admitted that the quantity of methamphetamine attributable to her during the conspiracy was between 500 and 1,500 grams.

Likewise, the nature of Rice's criminal history does not support the requested relief. Rice was arrested for complicity to traffic controlled substances in Johnson County, Kentucky in 2014. In February 2015, she pleaded guilty to the charge and was sentenced to three years of imprisonment, which was suspended for four years of supervised pretrial diversion. Clearly this experience with the criminal justice system did little to deter Rice from further criminal activity, as significant portions of her conduct in the instant case took place later in 2015. A

substantial sentence of imprisonment is needed to deter the defendant and others who might be inclined to engage in similar activity.

Rice began using alcohol and methamphetamine at 14 years of age and withdrew from high school in the eleventh grade. While she has been described as a caring individual who is willing to help others, she clearly stands to benefit from various programs and services available within the BOP.

The defendant was subject to a statutory mandatory minimum sentence of 15 years' imprisonment.[5]  *See* 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(A)(i).  Her projected scheduled release date is May 25, 2027. Releasing Rice now would work against the interest of preventing unwarranted sentencing disparities and would contravene the other purposes of § 3553(a). The Court remains persuaded that a sentence of 162 months' imprisonment remains minimally sufficient, but not greater than necessary, to fulfill these objectives.

### III.  Conclusion

Accordingly, it is hereby

**ORDERED** that the defendant's motion for compassionate release, styled as a motion for reconsideration, [Record No. 296] is **DENIED**.

Dated: January 14, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

[5]  Rice received a modest reduction of that term based on matters filed in the record under seal.