# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 7:15-CR-019-KKC** |
| **Plaintiff,** | |
| **v.** | **OPINION and ORDER** |
| **KLARISSA LASHEA RICE,** | |
| **Defendant.** | |

*** *** ***

This matter is before the Court on Defendant Klarissa Lashea Rice's Motion for Reduction of Sentence (R. 335). The United States opposes Rice's Motion (R. 343). For the following reasons, Rice's Motion is granted.

## I.    BACKGROUND

Defendant Klarissa Lashea Rice plead guilty and was convicted of Conspiracy to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.SC. § 846 (Count I), and Use of/Carrying a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(A) (Count VIII). Although Rice's guideline range of imprisonment was 97 to 121 months for Count I, she was subject to a ten-year (120 month) mandatory minimum. (R. 343 at 5.) Accordingly, Judge Reeves determined the applicable guidelines range for Count I to be 120 to 121 months. (R. 216.) Count VIII carried a 60-month mandatory minimum to be served consecutively to Count I. (*Id.*) Importantly, Rice was assessed criminal history points because she "committed the instant offense while under a criminal justice sentence." (R. 288 at 1229, 1241.)

By judgment dated July 26, 2016, the Court sentenced her to a total prison term of 162 months, based on the sentencing guidelines: 102 months for Count I and 60 months for

Count VIII. (R. 327 at 1.) Judge Reeves departed from the guidelines in Count I after a 5K1.1 motion from the government. (R. 194.) Her sentence as to Count I reflected a 15% downward departure from the bottom of the guidelines range.

Since being sentenced, Rice has filed over a dozen motions for post-conviction relief; all of which have been denied. (*See e.g.,* R. 243, 252, 280, 291, 295, 301, 308, 315, 321, 326.) On June 23, 2026, Rice filed the instant motion. Although all her previous § 3582(c)(1) motions for compassionate relief have been denied, Rice filed, for the first time, a motion under § 3582(c)(2). (R. 335.)

## II. ANALYSIS

### A. Amendment 821

On November 1, 2023, Amendment 821 to the Sentencing Guidelines became effective. In part, this amendment alters the application of the Guidelines with respect to certain offenders who (a) earned criminal history "status points" based on commission of an offense while serving a criminal justice sentence (Part A of Amendment 821), or (b) presented zero criminal history points at the time of sentencing (Part B, Subpart 1).

Specifically, regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends Section 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. Because Rice received status points for "commit[ing] the instant offense while under a criminal justice sentence," she falls within the ambit of Amendment 821.

### B. Eligibility Under § 3582(c)(2)

A defendant may seek a sentence reduction when their "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Supreme Court has clarified that to be eligible for relief under § 3582(c)(2), a threshold requirement exists that a defendant's sentence be "based on" a sentencing range subsequently lowered by applicable guideline amendments. *Koons v. United States*, 584 U.S. 700, 707 (2018). For a sentence to be "based on" a lowered Guidelines range, the range must have at least played "a relevant part [in] the framework the [sentencing] judge used" in imposing the sentence. *Id.* at 705.

The United States argues that her original sentence was based on the mandatory minimum and not the guidelines range. (R. 343 at 4.) Because of this, the United States argues that Rice is ineligible for a sentence reduction under § 3582(c)(2). (*Id.* at 3.)

Contrary to the United States' argument, Rice's case satisfies this threshold as to Count I, because her 102-month sentence for Count I was based on the Sentencing Guidelines. Judge Reeves specifically indicated that "the applicable *guidelines range* was 120–121 months." (R. 327 at 1 (emphasis added).) Because Judge Reeves calculated her guidelines range and took into consideration the United States' § 5K1.1 motion when determining her below-guidelines sentence, the guidelines range played a relevant part in determining her sentence. *Koons*, 584 U.S. at 705. Rice's 60-month sentence in Count VIII reflects the mandatory minimum under 18 U.S.C. § 924(c) and therefore was not based on the Guidelines. Accordingly, the Court proceeds to the next steps as to Count I only.

### C. § 1B1.10 Analysis

§ 3582(c)(2) requires courts to consult "applicable policy statements issued by the commission." *Id.* U.S.S.G. § 1B1.10, *Reduction in Term of Imprisonment as a Result of Amended Guideline Range*, is the relevant policy statement here. It lists many requirements

before a court can reduce a prisoner's sentence. First, the court must consult § 1B1.10(d) for the list of amendments that may be given retroactive effect. *See* U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(A). Second, the court must "determine the amended guideline range that would have been applicable to the defendant" as if the amendments under subsection (d) "had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1). Finally, the court must consult the other provisions of § 1B1.10 and the accompanying application notes to determine whether a reduction is warranted for a particular defendant and the extent to which the defendant's sentence may be reduced. § 1B1.10 cmt. n.1(B). The latter step involves consideration of factors set forth in 18 U.S.C. § 3553(a), public safety, and the defendant's post-sentencing conduct. *See id.*

### i. Amendment 821 Is Retroactive

Amendment 821 to the Sentencing Guidelines became effective on November 1, 2023. In part, this amendment alters the application of the Guidelines with respect to certain offenders who (a) earned criminal history "status points" based on commission of an offense while serving a criminal justice sentence, or (b) presented zero criminal history points at the time of sentencing. Rice was assessed criminal history points under Chapter Four, Part A because she "committed the instant offense while under a criminal justice sentence." (R. 288 at 11, 23.)

Effective November 1, 2023, the listing in § 1B1.10(d) was expanded to include "parts A and B, subpart 1 only" of Amendment 821, which made changes to the criminal history rules. *See* U.S. Sentencing Guidelines Manual app. C, amend. 825 (effective Nov. 1, 2023); U.S. Sentencing Guidelines Manual app. C, amend. 821 (effective Nov. 1, 2023). Because Amendment 821 is given retroactive effect, this step is met.

### ii. The Amended Guideline Range

Assuming Amendment 821 had been in effect at the time, the United States Probation Office has calculated Rice's new guideline range to be 87–108 months imprisonment.

### iii. A Reduction Is Warranted After Considering Other Factors

The Court must also consider the § 3553(a) factors before reducing a prisoner's sentence. *See* § 3582(c)(2). The Court, after considering the § 3553(a) factors, finds that a reduction in sentence is warranted here. Additionally, a reduction of Rice's sentence is consistent with applicable policy statements issued by the Sentencing Commission. The public safety considerations and Rice's post-sentencing conduct are factors to be considered. § 1B1.10 cmt. n.1(B). As indicated in the vast majority of her post-sentencing motions, Rice's main goal after release is to care for her sons. She has undertaken significant efforts to better herself while incarcerated. She has completed drug education classes as well as many other educational programs, and even completed a 4,000-hour animal trainer apprenticeship. (R. 335 at 4.) Notably, Rice provides a detailed re-entry plan for how she will manage obtaining work, caring for her children, and living on her own after she is released. (*Id*. at 5.) This conduct is more than sufficient to satisfy these requirements.

### D. The Substantial Assistance Exception Allows a Reduction Below the Amended Guideline Range and the Mandatory Minimum

Because Rice is eligible for a sentence reduction, the question becomes whether the Court can reduce her sentence below the bottom of the amended guidelines range. The United States argues that the Court cannot reduce her sentence, as the 120-month mandatory minimum sentence is still in place. (R. 343 at 4.) While a mandatory minimum would typically step in to block a sentence reduction, the United States did not account for the substantial assistance exception. *See* § 1B1.10(b)(2)(B).

Generally, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." § 1B1.10(b)(2)(A). However, there is an exception for defendants sentenced below the mandatory minimum based on their substantial assistance. The exception instructs the court to reduce the defendant's term of imprisonment "comparably less than the amended guideline range." § 1B1.10(b)(2)(B). Critically, when the sentencing judge made a departure based on substantial assistance, the policy statement instructs the Court to disregard the effect of § 5G1.1:

> If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of §5G1.1 (Sentencing on a Single Count of Conviction) and §5G1.2 (Sentencing on Multiple Counts of Conviction).

§ 1B1.10(c).

The exception provided here defeats the United States' argument. By the Sentencing Guidelines' own terms, the district court is to disregard the 120-month mandatory minimum in Count I for purposes of the § 3582(c)(2) analysis. In fact, the Commentary to this section provides an example scenario very similar to Rice's case. Application Note 4, "Application of Subsection (c)" states the following example:

> Defendant B is subject to a mandatory minimum term of imprisonment of 120 months. The original guideline range at the time of sentencing (as calculated on the Sentencing Table) was 108 to 135 months, which was restricted by operation of §5G1.1 to a range of 120 to 135 months. *See* §5G1.1(c)(2). The court imposed a sentence of 90 months pursuant to a government motion to reflect the defendant's substantial assistance to authorities. The court determines that the amended guideline range as calculated on the Sentencing Table is 87 to 108 months. Ordinarily, §5G1.1 would operate to restrict the amended guideline range to precisely 120 months, to reflect the mandatory minimum term of imprisonment. *See* §5G1.1(b). For purposes of this policy statement, however, the amended guideline range is considered to be 87 to 108 months

6

(i.e., unrestricted by operation of §5G1.1 and the statutory minimum of 120 months).

To the extent the court considers it appropriate to provide a reduction comparably less than the amended guideline range pursuant to subsection (b)(2)(B), Defendant B's original sentence of 90 months amounted to a reduction of approximately 25 percent below the original guideline range of 120 months. Therefore, an amended sentence of 65 months (representing a reduction of approximately 25 percent below the minimum of the amended guideline range of 87 months) would amount to a comparable reduction and may be appropriate.

USSG §1B1.10, comment. (n.4(B)).

### E. Reduced Sentence Calculation

Following this formula, the Court will reduce the bottom of Rice's new guidelines range by 15%, as Judge Reeves sentenced Rice based on a 15% departure from the bottom of her original guidelines. (*See* R. 194, 327.) The United States Probation Office has determined that her amended guidelines range after Amendment 821 with respect to Count I is 87–108 months. As the bottom of the new guidelines is 87 months, a 15% downward departure reflects a new sentence of 74 months on Count I. The 60-month mandatory minimum sentence reflected in Count VIII remains unchanged. Rice's new total sentence is 134 months of imprisonment.

### III.  CONLCUSION

For the aforementioned reasons, the Court hereby ORDERS as follows:

1)  Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines, defendant Klarissa Lashea Rice's custodial sentence is as to Count I is REDUCED to 74 months of imprisonment. Her total term of incarceration is REDUCED to 134 months of imprisonment.

2)  The Court will enter an Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (AO 247).

This 16th day of July, 2026.



Signed By:

_Karen K. Caldwell_

**United States District Judge**